JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROELL PACHECO PEREZ,<br>Plaintiff,<br>v.<br>NISSAN NORTH AMERICA, INC., et al.,<br>Defendants. | Case No. 5:25-cv-02933-SP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

**I.**

**INTRODUCTION**

On December 1, 2025, plaintiff Roell Pacheco Perez filed a motion to remand this case to the San Bernardino County Superior Court, arguing that defendant Nissan North America, Inc.'s removal of the case was untimely. Docket no. 9. Plaintiff's motion is supported by the declaration of Roy Enav ("Enav Decl."). Defendant filed an opposition to the motion on December 9, 2025. Docket no. 11.

The court found a hearing would not be of assistance and so vacated the hearing noticed for December 30, 2025. After carefully considering the arguments and the record before it, the court now grants plaintiff's motion to remand for the reasons that follow.

## II.

## BACKGROUND

Plaintiff filed the instant action in San Bernardino County Superior Court on December 27, 2024. *See* Enav Decl., Ex. 1 ("Compl."). Plaintiff alleges that, on July 24, 2021, he purchased a 2021 Nissan Rogue warranted by defendant that was delivered with defects. Compl. ¶¶ 8, 10, 21. Plaintiff further alleges that, as reflected in the sales contract, the vehicle has an approximate value of $39,146.27. *Id.* ¶ 8. Plaintiff asserts three causes of action under California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1792 et seq.) for breach of express warranty, breach of implied warranty, and violation of § 1793.2. Plaintiff claims that, under the Song-Beverly Act, he is entitled to, inter alia, reimbursement of the price paid for the vehicle less the amount attributable to use prior to the first presentation of nonconformities, other damages, and a civil penalty of up to two times the amount of actual damages. *Id.* ¶¶ 30-33, Prayer.

Plaintiff served the complaint and summons on defendant on January 23, 2025. Enav Decl. ¶6, Ex. 2. Defendant first attempted to file an answer in the state court on July 1, 2025, but the Superior Court rejected the filing because default had already been entered. Enav Decl. ¶ 7, Ex. 3. The parties filed a joint stipulation to set the default aside on July 18, 2025, which the Superior Court signed on August 1, 2025. Enav Decl. ¶ 8. Defendant did not refile its Answer in the Superior Court until November 3, 2025. *Id.* ¶ 9, Ex. 4.

Also on November 3, 2025, defendant removed the action to this court pursuant to U.S.C. §§ 1332, 1446. Docket no. 1. Defendant's Notice of Removal alleges this court has diversity jurisdiction because there is a diversity of citizenship between plaintiff and defendant, and because the amount in controversy exceeds $75,000. *Id.* at 3-5. As to the amount in controversy, defendant alleges actual damages are estimated to be $35,146.27, based on the approximate vehicle value of $39,146.27 that plaintiff alleges in the complaint, less an estimated $4,000 in deductions for items such as mileage offset. *Id.* at

4. To that defendant adds the civil penalties of two time actual damages that plaintiff claims in the complaint, plus attorneys' fees. *Id.* at 4-5.

## III.

## DISCUSSION

Plaintiff moves to remand this case to the Superior Court based on a defect in the removal procedure, namely, that defendant's notice of removal was untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Plaintiff here filed his motion to remand on December 1, 2025, less than 30 days after defendant filed its notice of removal on November 3, 2025. Thus, the timeliness of plaintiff's motion to remand is not in doubt. The question is whether defendant's notice of removal was timely filed.

### A. Removal Requirements

Any civil action over which the United States district courts have original jurisdiction may be removed to the district court for the district where such action is pending. 28 U.S.C. § 1441(a). A defendant may remove a case from state court to federal court where the case presents either a federal question or diversity jurisdiction. 28 U.S.C. §§ 1331-32. Under 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over state law actions in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. A defendant seeking to remove a case to federal court must file a notice of removal containing a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Section 1446(b) specifies two windows of time within which a defendant may file a notice of removal: (1) within 30 days after receiving an initial pleading that reveals a basis for removal; or (2) within 30 days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or

has become removable." 28 U.S.C. § 1446(b)(1), (3); *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) (outlining the two 30-day periods). Under the Ninth Circuit's "bright-line approach," the first window "comes into play only if removability is ascertainable from 'examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (quoting *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694, 697 (9th Cir. 2005)). Though a defendant "need not make extrapolations or engage in guesswork" to ascertain removability, the statute nonetheless "requires a defendant to apply a reasonable amount of intelligence" in making the determination, for example, by "[m]ultiplying figures clearly stated" in the complaint. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

The Ninth Circuit also permits a defendant to remove outside the two 30-day periods specified in § 1446(b)(1), (3) "when it discovers, based on its own investigation, that a case is removable," "provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Medical Ctr., L.P.*, 720 F.3d 1121, 1123, 1125 (9th Cir. 2013) (reading §§ 1441 and 1446 together). A notice of removal under this pathway must be filed within one year of the filing of the complaint. *See id*. at 1126 (citing § 1146(c)(1)).

The parties agree diversity jurisdiction exists because there is diversity of citizenship and the amount in controversy exceeds $75,000. *See* Mtn. at 1; docket no. 1 at 3-6. But plaintiff argues this case should be remanded to Superior Court because defendant's notice of removal was untimely. Plaintiff contends the basis of removal is clear from the face of the complaint, and thus the January 23, 2025 service of the complaint triggered the 30-day window to remove the case. Mtn. at 6. Defendant asserts its notice of removal is timely because the amount in controversy alleged is indeterminate and thus service of the complaint did not trigger its deadline to remove. Opp. at 6-10. In

other words, the parties disagree as to whether removability – specifically, an amount in controversy exceeding $75,000 – was ascertainable from the complaint.

**B. <u>The Amount in Controversy Is Clear From the Face of the Complaint</u>**

The amount in controversy "includes all relief claimed at the time of removal to which the plaintiff would be entitled if [he] prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). When determining the amount in controversy, the court must assume a jury will return a verdict for plaintiff on each claim included in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Writer*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d. 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."). "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "The Ninth Circuit [also] routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases." *Wang v. FCA US LLC*, 2025 WL 1218745, at *2 (C.D. Cal. Apr. 28, 2025).

Under the Song-Beverly Act, actual damages are "in an amount equal to the actual price paid or payable by the buyer" offset by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Effective January 1, 2025, actual damages may be further offset by negative equity, manufacturer's rebates, the actual price of optional equipment, service contracts, or guaranteed asset protection financing purchased by the plaintiff. Cal. Civ. Proc. § 871.27(b)-(d); *see Ayad v. Nissan N. Am., Inc.*, 2025 WL 2490849, at *3 (C.D. Cal. Aug. 29, 2025).

Plaintiff alleges that "as reflected in the sales contract, [the vehicle] has an approximate value of $39,146.27." Compl. ¶ 8. Plaintiff alleges that he first presented

the vehicle for repair on March 21, 2024 with an odometer reading of 30,735 miles. *Id.* ¶ 11. Plaintiff seeks, among other things, actual damages, attorney's fees, and a civil penalty of up to two times actual damages. Compl. ¶¶ 30-33. Thus, even when considering the mileage offset – which defendant was able to calculate to equal $4,000 or less (*see* docket no. 1 at 4) – it is clear from the face of the complaint that plaintiff is seeking damages in excess of $75,000. *See*, *e.g., Diaz v. Nissan N. Am., Inc.*, 2025 WL 2647458, at *4 (C.D. Cal. Sept. 12, 2025) ("vehicle's 'approximate value' has generally been accepted as a sufficient base value from which to determine actual damages and calculate the amount in controversy"); *Larios v. Nissan N. Am., Inc.*, 2025 WL 2402250, at *4-*5 (C.D. Cal. Aug. 16, 2025) (equating approximate value with purchase price); *Calderon v. Nissan N. Am., Inc.*, 2025 WL 2267923, at *2 (C.D. Cal. Aug. 7, 2025) (same) *Rosiles v. Nissan N. Am., Inc.*, 2025 WL 1782538, at *3 (C.D. Cal. Jun. 25, 2025) (same); *Hernandez v. Nissan N. Am., Inc.*, 2025 WL 914758, at *2 (C.D. Cal. Mar. 26, 2025) (same); *Estrada v. Nissan N. Am., Inc.*, 2025 WL 842173, at *2 (N.D. Cal. Mar. 18, 2025) (same); *Perez v. Ford Motor Co.*, 2025 WL 675610, at *2 (C.D. Cal. Mar. 3, 2025); *Pano v. Ford Motor Co.*, 2025 WL 438715, at *1-*2 (C.D. Cal. Feb. 7, 2025) (same).

As defendant notes, district courts in this circuit have taken a divergent approach, and some courts have held that an allegation of an approximate value on a sales contract does not provide sufficient information to determine the amount in controversy because it is unclear whether the "approximate value" is the purchase price. *See* Opp. at 7-8; *Oliva v. Nissan N. Am., Inc.*, 2025 WL 3145514 at *4 (C.D. Cal. Sept. 22, 2025) (complaint that alleges only approximate value in sales contract was indeterminate); *Ayad*, 2025 WL 2490849, at *3 (same); *Crescencio v. Ford Motor Co.*, 2025 WL 1122096, at *2-*3 (C.D. Cal. Apr. 9, 2025) (same); *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) (same). This court agrees with the majority of courts that have accepted the approximate value in a sales contract as a sufficient value to calculate the

amount in controversy. *See Kuxhausen*, 707 F.3d 1136, 1140-41 (implying that approximate value is sufficient to calculate damages).

Accordingly, it was clear from the face of the complaint that the amount in controversy exceeded $75,000. Defendant's notice of removal – filed over nine months after defendant was first served with the complaint – was therefore untimely.

**IV.**

**CONCLUSION**

IT IS THEREFORE ORDERED that: (1) plaintiffs' motion to remand (docket no. 9) is GRANTED; (2) this case will be REMANDED to the Superior Court of California, County of San Bernardino, case number CIVRS2403123, pursuant to 28 U.S.C. § 1447(c); and (3) the Court Clerk shall send a certified copy of this Order to the Superior Court.

DATED: September 28, 2026

SHERI PYM
United States Magistrate Judge